By the Court.
The petition shows that the plaintiff and defendant are the owners of adjoining lots in Columbus; that on these lots are single residences occupied by the parties respectively; that the defendant is proceeding to alter his residence so as to make it a tenement house,of four apartments to be rented by the defendant to at least four families; that there is an outer court, extending from Bryden Road, on which the properties front, along the lot line between the plaintiff and the defendant for the entire line of the residences situated on said two lots, and the defendant proposes *357 to extend his building to the rear for the purposes stated; and that the defendant’s present dwelling when built was situated within one foot of the east line of defendant’s premises.
It is alleged that the court between the two buildings, as above described, did not and does not now comply with the provisions of the said housing code. It is alleged that the additions which the defendant is making violate the provisions, of the housing code in that they will not permit or provide for an outer court six feet or more in width and that his new building will be within twenty inches of the east line of his lot instead of six feet as provided by the code.
It will be observed that the plaintiff predicates his right to relief solely upon the housing code.
He avers that defendant’s wall and building will obstruct the space between the two houses of the parties and will shut off the light and air from plaintiff’s home and render it less valuable as a place of residence because it will make it darker, improperly ventilated and less healthful. There is no claim that the plaintiff has any easement of any sort in the property of the defendant.
As we view the ca’se, the allegations of the petition concerning the provisions of the housing code, and the portions of the code set forth in the petition, fail to disclose that the object of the code was to require the owner in erecting a structure upon his own land to so build it as to furnish light, air or other facilities to the owner of the adjoining lot. It seems to be clear that the purpose of the code was to make provisions concerning the erection of *358 tenement houses for the benefit of ' those who .occupy them. We find no indication of a purpose to fix an affirmative duty upon the owner of one lot to use it for the affirmative benefit of the owner of another lot.
The provisions of this code are manifestly made .for the purpose of securing to the occupants of a building being erected the largest amount of light, air and safety consistent with the economic use and disposition of the property by the owner. That it was not the intention of the council of the city in drafting the code to arbitrarily confer rights upon adjoining property owners is clearly indicated by the provisions of Section 13, which are set forth in the petition. It is there provided that “When a court is located on the lot line a portion of such court, not to exceed one-half, may be located on the abutting premises, provided there is filed with the county recorder an easement, duly executed and acknowledged by the owner of such abutting premises, binding himself, his heirs, administrators and assigns, to keep such portion of the adjoining space unbuilt upon and available for light and air as will make the combined courts not less in size than the minimum dimensions prescribed.”
This is a clear indication that the code itself recognized that in order that one property owner may acquire easements or rights in property of his adjoining property owner there must be a regularly executed and acknowledged instrument to that effect by such owner.
The petition in this case alleges that neither the plaintiff himself nor his predecessor in title ever *359 executed or acknowledged an easement as to said open court, as provided in Section 13 of the housing code. This would appear to indicate that the plaintiff denies to defendant the rights and easements under the housing code in plaintiff’s property which plaintiff claims in defendant’s property by reason of the same code. It may also be observed that Section 13 itself seems to recognize that the court may be an inner’ court, and that in such case, if the inner court provided air and light for the entire tenement house, an outer court would not he required. After providing for £he length of an inner, court, Section 13 contains the provision “When a court is located on the lot line a portion of such court,” etc.
It is familiar law that every man is permitted to do what he will with his own property if he uses it without purpose to injure his neighbor, and does not trespass upon another’s property rights or use it in such manner as to create-a nuisance. And the legislative authority may adopt such reasonable regulations as to the use of property as may be deemed necessary to the public health, safety and welfare, and to prevent nuisance.
It was held in Leis v. Cleveland Railway Co., 101 Ohio St., 162: “Rights of property cannot be taken away or interfered with without due process of law.”
This proposition is of course elementary.
The case of State, ex rel., v. Cunningham, 97 Ohio St., 130, is cited by the plaintiff in error, in support of his contentions. In that case the plaintiff owned a five-story building in Cleveland. He. desired to *360 procure a permit to use the fifth story for tenement purposes. The city commission refused the permit, and he brought a proceeding in mandamus to compel its issuance. The building code had prohibited the erection thereafter of non-fireproof tenement houses to a height above three stories. This court held that the plaintiff was not entitled to the writ, because the provision regulating the tenement house was a proper exercise of the police power. The provision in that case was made in the interest of those who expected to occupy the building itself, and was a provision made for the safety of those occupants. The ordinance did not purport to confer rights or privileges except upon those who were expecting to occupy the property concerned.
We think the judgments of the lower courts should be affirmed.

Judgments affirmed.

Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.